## The United States, plaintiff in error, *vs.* John Ross, defendant in error.

### *Error to Jefferson.*

The District Attorney on an indictment for obtaining property under false pretences, is not required to file specifications of the false pretences used by the person accused.

The defendant, John Ross, was indicted at the District Court of Jefferson county, at the September term 1841, for knowingly and designingly, by false pretences, obtaining from one Walter Dillon, a certain promissory note, for the payment of eight hundred dollars and fifty cents, with the intent to cheat and defraud the said Dillon.

At the April term, 1842, the defendant, by C. Olney, his attorney, filed a general demurrer, which was overruled.

The defendant then, by Olney and Chapman his attorneys, stated to the court that they did not feel safe in the defence of the said defendant, without knowing specifically the false pretences upon which the defendant was to be tried; and thereupon the defendant by his said attorneys

moved the court that the prosecutor file full and distinct specifications of the false pretences used by the defendant.

The court ordered the filing of the specifications prior to the introduction of testimony to prove the false pretences, to which the district prosecutor took exceptions.

Assignment of errors :

1. The court below erred in ordering the district prosecutor to file specifications of the false pretences used by the defendant, in addition to the charges and specifications contained in the indictment.

2. In refusing to admit testimony to go to the jury to prove the false pretences, by which the note which the defendant is charged in the indictment with having obtained by false pretences, was obtained.

H. T. REID, for plaintiff in error.

J. C. HALL, for defendant.

PER CURIAM, WILLIAMS, JUSTICE.—This indictment is framed under the 94 section of the criminal law (Iowa Laws, Vol. 1, page 169) which sets forth that, "if any person or persons shall knowingly and designedly, by any false pretence or pretences, obtain from any other person any chose in action, money, goods, wares, &c., with intent to cheat or defraud any such person of the same, every person so offending shall be deemed a cheat, and upon conviction, &c."

The indictment in this case was insufficient, because the false pretence being the gist of the offence, should have been particularly set forth, in order that the defendant might be apprized of the accusation, and be enabled to prepare his defence. But as the overruling of the demurrer to the indictment, was not excepted to at the time by the defendant, and incorporated in a bill of exceptions, this court will not set aside the proceedings for that error. We will then proceed to consider whether the court below erred in ordering the district prosecutor to file specifications of the false pretences used by the defendant in addition to the charges and specifications contained in the indictment.— The section of the statute relied upon by the defendant in error as giving the court authority to make such an order is as follows: " The body of an indictment shall be considered as made up of charges and specifications, and no indictment shall be quashed if any indictable offence is clearly charged therein, nor shall any motion be entertained with a view to arrest, reverse or set aside any judgment on account of

a defect in the indictment, if the charge, upon which the offender was tried, be so explicitly set forth, that judgment can be rendered thereon."

We see nothing in this section which would authorize the court to make this order. Nothing can be considered as a part of the body of an indictment which is not set forth in the indictment itself. To authorize the district prosecutor to make specifications after a defendant has pleaded to an indictment, which specifications are to be considered as a part of the body of the indictment, would seem to us a very unusual procedure, and one which might in most instances operate to the prejudice of the rights of the accused, by making new allegations which he would not be prepared to meet, which would thus take him by surprise. The court below seems to have considered the word " charge " as synonymous with crime, and that if the indictment merely set forth that the grand jurors of the county of Jefferson find that A. B. is guilty of murder, or arson, that the crime of murder being explicitly set forth that such indictment would be sufficient. We consider the word " *charge* " as synonymous with accusation, which, while it includes a crime in legal contemplation, also includes circumstances to a reasonable extent.

That the legislature intended to require that the indictment should set forth something more than the crime, is evident from the first part of the section where it is said that " the body of the indictment shall be considered as made up of charges and specifications. That there are apparent inconsistencies in this section and that it is somewhat obscure in some of its parts is admitted, but as the course insisted upon by the counsel for the defendant in error is without a precedent, and as the statute does not require it, we do not feel disposed to adopt it, where the consequences might so materially affect the right of defendants.

The decison of the court below requiring the prosecutor to file specifications, is reversed and this cause is remanded to the court below with directions to proceed upon the indictment.